UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

LAWRENCE RILES,

    Plaintiff,

        v.                                     CAUSE NO. 3:21-CV-483-JD-MGG

WANDA, et al.,

    Defendants.

OPINION AND ORDER

Lawrence Riles, an inmate proceeding without a lawyer, filed a complaint under 42 U.S.C. § 1983. (ECF 1.) Pursuant to 28 U.S.C. § 1915A, the court must screen the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court must nevertheless give a pro se complaint liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Mr. Riles is a pretrial detainee at the St. Joseph County Jail. He alleges that on May 21, 2021, he was given a breakfast tray that included a hard-boiled egg. He felt the egg tasted "tainted" but ate it anyway. Shortly thereafter, he began sweating and feeling

nauseous. He pressed the emergency call button in his cell and reported to an unknown correctional officer that he was feeling ill. At that time, he was in quarantine due to the COVID-19 pandemic, and because of this he could not be taken to the medical unit. He was told to fill out a medical request form.

He was able to communicate with a nurse he identifies as "Head Nurse Alice" (last name unknown) through the emergency call system, and he reported to her that he was vomiting. She originally told him to leave the vomit in a cup so she could inspect it, but he told her he did not have a cup. She then told him to vomit in the toilet and "just flush it." He felt it was improper for her not to come and inspect the vomit as she had first suggested. Sometime later (he does not specify how long), he was seen by a nurse practitioner named Stephanie (last name unknown), who put him on heartburn medication. He claims this did not help his problem and made him feel worse. Based on these events, he sues Kitchen Supervisor Wanda (last name unknown), Head Nurse Alice, and Nurse Practitioner Stephanie. He alleges that their actions were "a blatant sign of negligence" and requests monetary damages.

Because Mr. Riles is a pretrial detainee, his claims must be analyzed under the Fourteenth Amendment. *Miranda v. Cty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018). The Fourteenth Amendment prohibits "punishment" of pretrial detainees. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). A pretrial detainee states a valid Fourteenth Amendment claim by alleging that (1) the defendant "acted purposefully, knowingly, or perhaps even recklessly," and (2) the defendant's conduct was "objectively unreasonable." *Miranda*, 900 F.3d at 353–54.

2

Pretrial detainees are entitled to adequate medical care. *Kingsley v. Hendrickson*, 576 U.S. 389, 395 (2015). To state a claim, a detainee must allege that the defendant acted "with purposeful, knowing, or reckless disregard of the consequences" related to the provision of medical care, and that the medical care received, or the denial of medical care, was "objectively unreasonable." *Miranda*, 900 F.3d at 354. "[N]egligent conduct does not offend the Due Process Clause," and so allegations of negligence or even gross negligence will not suffice. *Id.* at 353.

Mr. Riles does not allege a plausible Fourteenth Amendment claim against any defendant. He alleges that Head Nurse Alice communicated with him and gave him instructions through the emergency call system when he reported feeling nauseous but could not leave his cell due to a quarantine. Although he is upset that she would not come and inspect his vomit, there is nothing to indicate that doing so would have alleviated the symptoms he was experiencing or that such action was necessary to provide him proper medical care for an apparent case of food poisoning. As to Nurse Practitioner Stephanie, there is no indication she was involved in his care until later, and he states that she prescribed him a medication to try to alleviate his symptoms. Although the medication did not work, there is nothing in the complaint to plausibly suggest that Nurse Practitioner Stephanie knew the medication would not work or otherwise acted in an objectively unreasonable manner in prescribing this medication to try to address his symptoms.

As for Kitchen Supervisor Wanda, Mr. Riles does not explain how she was involved in the egg incident, if at all. For a defendant to be held liable under section

3

1983, he or she must have been personally involved in the violation of the plaintiff's constitutional rights. *Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018). There is no general *respondeat superior* liability under 42 U.S.C. § 1983, and an individual cannot be held liable simply because they oversee operations in a correctional facility or supervise lower-level staff. *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). A defendant will be deemed to have sufficient personal responsibility for a constitutional violation if the violation occurred "at a defendant's direction" or with his or her "knowledge or consent." *Mitchell*, 895 F.3d at 498. There is no factual content in the complaint to plausibly suggest that Kitchen Supervisor Wanda personally served Mr. Riles a tainted hard-boiled egg, that she directed other kitchen staff to serve him spoiled food, or that she knew he was being served spoiled food and condoned such actions. He has not stated a plausible constitutional claim against this defendant.

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018); *see also Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013). In the interest of justice, the court will allow Mr. Riles an opportunity to amend his complaint if, after reviewing this order, he believes he can allege a constitutional claim against these defendants, consistent with the allegations he has already made under penalty of perjury.

For these reasons, the court:

(1) GRANTS the plaintiff until **October 25, 2021**, to file an amended complaint if he so chooses; and

(2) CAUTIONS him that if he does not respond by the deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A because the current complaint does not state a claim upon which relief can be granted.

SO ORDERED on September 21, 2021.

s/ JON E. DEGUILIO  
CHIEF JUDGE  
UNITED STATES DISTRICT COURT