UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

LAWRENCE RILES,

    Plaintiff,

        v.                       CAUSE NO. 3:21-CV-483-JD-MGG

WANDA, et al.,

    Defendants.

OPINION AND ORDER

Lawrence Riles, a prisoner proceeding without a lawyer, filed an amended complaint under 42 U.S.C. § 1983. (ECF 8.) The court screened his original complaint and determined that it did not state a plausible claim for relief against any defendant. (ECF 7.) He was afforded an opportunity to submit an amended complaint, and he responded with the present filing.

Pursuant to 28 U.S.C. § 1915A, the court must screen the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court must

nevertheless give a pro se complaint liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Mr. Riles is incarcerated at the St. Joseph County Jail. The court understood his original complaint to allege that he was a pretrial detainee, but his amended complaint clarifies that the events underlying his complaint occurred after he was convicted and serving a sentence.[1] (ECF 8 at 4.)

As with his original complaint, he alleges that on May 21, 2021, he was given a breakfast tray that was dirty and included a "rotten" hard-boiled egg. He claims he ate the egg and became ill. He alleges generally that "Kitchen Supervisor Wanda," an employee of Aramark, knew the egg was rotten because "there's a list which shows expiration dates." He also alleges generally that he did not get "put on proper meds" after this incident, but claims he cannot provide further detail because he does not have a copy of his medical records. He names "Head Nurse Alice" and "Nurse Practitioner Stephanie" as defendants in connection with this complaint about the lack of proper medication. He seeks monetary damages from all three defendants.

Because Mr. Riles was a convicted prisoner at the time of this incident, the Eighth Amendment controls. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The Eighth Amendment entitles an inmate to the "minimal civilized measure of life's necessities." *Id.* However, the Eighth Amendment does not mandate "comfortable prisons," *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981), and so to state an Eighth Amendment claim, an

---

[1] An amended complaint supersedes all earlier pleadings and controls the case from that point forward. *French v. Wachovia Bank*, 574 F.3d 830, 835 (7th Cir. 2009).

2

inmate must describe an objectively serious or hazardous condition and must allege that the defendant was deliberately indifferent to the risk of harm posed by the condition. *Farmer*, 511 U.S. at 834. Inmates are entitled to food adequate to meet their dietary needs, but the Eighth Amendment does not entitle them to "food that is tasty or even appetizing." *Williams v. Berge*, 102 F. App'x 506, 507 (7th Cir. 2004); *see also Isby v. Brown*, 856 F.3d 508, 522 (7th Cir. 2017). Being served unappetizing or spoiled foods at a few meals does not violate the Eighth Amendment. *See Isby*, 856 F.3d at 522; *see also Franklin v. True*, 76 F.3d 381 (Table), 1996 WL 43532, at *2 (7th Cir. 1996) (one instance of food poisoning was insufficient to state conditions-of-confinement claim). Mr. Riles's complaint about being served a rotten egg on one occasion does not "rise to the level of [an] extreme deprivation of basic human needs required to satisfy Eighth Amendment standards." *Isby*, 856 F.3d at 522.

Nor has Mr. Riles plausibly alleged that Kitchen Supervisor Wanda acted with deliberate indifference to his health or safety. "[C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). The deliberate indifference standard imposes a "high hurdle," for it requires a showing "approaching total unconcern for the prisoner's welfare." *Rosario v. Brawn*, 670 F.3d 816, 821 (7th Cir. 2012). "[N]egligence, gross negligence, or even recklessness as the term is used in tort

3

cases is not enough" to support an Eighth Amendment claim. *Hildreth v. Butler*, 960 F.3d 420, 425–26 (7th Cir. 2020).

Mr. Riles alleges that Kitchen Supervisor Wanda knew the egg was spoiled because there is "a list which shows expiration dates" in the kitchen, and because his tray was dirty. This very general allegation does not plausibly suggest that Kitchen Supervisor Wanda personally exhibited conduct approaching criminal recklessness, or that she was even personally aware of a problem with Mr. Riles's tray. At most, he describes circumstances suggesting negligence in kitchen food-handling practices, but negligence is not enough to support an Eighth Amendment claim. *Hildreth*, 960 F.3d at 425. Nor can Kitchen Supervisor Wanda be held liable solely because she is an "overseer" in the kitchen, as Mr. Riles claims. *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). He has not stated a plausible constitutional claim against this defendant.

Inmates are also entitled to adequate medical care for objectively serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). However, they are "not entitled to demand specific care," *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 965 (7th Cir. 2019), nor are they entitled to "the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Rather, they are entitled to "reasonable measures to meet a substantial risk of serious harm." *Forbes*, 112 F.3d at 267. Mere disagreement with a medical professional does not establish an Eighth Amendment violation. *Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003). The court must "defer to medical professionals' treatment decisions unless there is evidence that no minimally competent professional would have so responded under those circumstances." *Walker*, 940 F.3d at 965 (citation and

quotation marks omitted). In effect, the Eighth Amendment "protects prisoners from . . . grossly inadequate medical care." *Gabb v. Wexford Health Sources, Inc.*, 945 F.3d 1027, 1033 (7th Cir. 2019) (citation omitted).

Mr. Riles does not allege a plausible claim for the denial of medical care. He alleges generally that he was not "put on proper meds," but does not provide further detail. He claims this is due to a lack of access to his medical records, but the details of what happened after he ate the egg, what symptoms he experienced, who treated him, what medicine he took and for what period, and whether this alleviated his symptoms are matters that would be within his personal knowledge. The court explained to him in the original screening order that he needed to provide more detail to explain how each defendant acted with disregard for his health or safety, but he provided even less detail about these issues than he did in the original complaint. Indeed, he does not include factual content to plausibly suggest that it was even necessary to place him on medication for what appears to be a routine case of food poisoning. It is unfortunate that he felt ill after eating the egg, but "[n]ot every ache and pain or medically recognized condition involving some discomfort can support an Eighth Amendment claim." *Thomas v. Blackard*, 2 F.4th 716, 722 (7th Cir. 2021) (citation and internal quotation marks omitted). He has not plausibly alleged a claim for the denial of medical care.

Ordinarily, the court should afford a *pro se* litigant an opportunity to cure his defective pleadings before dismissing the case. *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018); *Luevano v. Wal-Mart*, 722 F.3d 1014, 1024-25 (7th Cir. 2013).

5

However, the court is not required to grant leave to amend where such action would be futile. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). Mr. Riles has already been afforded one opportunity to amend his complaint, and the court fully outlined how he could cure the deficiencies in his original complaint. He did not do so. The court finds no basis to conclude that, if given another opportunity, he could assert a plausible constitutional claim, consistent with the allegations he has already made under penalty of perjury.

For these reasons, the court DISMISSES this case pursuant to 28 U.S.C. § 1915A, and DIRECTS the clerk to close the case.

SO ORDERED on November 3, 2021

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT